UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WAYNE MILLER,

                      **Plaintiff,**

                    v.                                    9:07-CV-942
                                                                 (FJS/ATB)

BRIAN FISCHER, Acting Commissioner, DOCS;
MARK LEONARD, Director, Ministerial Services;
W. LAPE, Superintendent, Coxsackie Correctional
Facility;  and W. HAGGETT, Deputy Superintendent
of Programs, Coxsackie Correctional Facility;

                      **Defendants.**
_____

**APPEARANCES**                                **OF COUNSEL**

**WAYNE MILLER**
**95-A-5299**
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **CHRISTINA L. ROBERTS-RYBA, AAG**
**STATE ATTORNEY GENERAL**          **JUSTIN C. LEVIN, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## ORDER

      Currently before the Court are Magistrate Judge DiBianco's September 22, 2009 Report and

Recommendation and Plaintiff's objections thereto.  *See* Dkt. Nos. 52, 53.

      Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use

and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq*., against

Defendant Brian Fischer, the Acting Commissioner of the New York State Department of Correctional Services ("DOCS"); Defendant Mark Leonard, the Director of Ministerial Services for the New York State Department of Correctional Services; Defendant Lape, the Superintendent of the Coxsackie Correctional Facility; and Defendant Haggett, the Deputy Superintendent of Programs at the Coxsackie Correctional Facility. *See* Dkt. No. 1

Plaintiff alleged that Defendants had denied him the right to practice the Pagan/Wiccan religion at the Coxsackie and Auburn Correctional Facilities in violation of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the RLUIPA. *See* Dkt. No. 39, Exhibit "3" attached thereto. Specifically, Plaintiff alleged that Defendants had denied him access to or use of Pagan/Wiccan religious items, in particular, incense and an incense burner. *See* Dkt. No 39, Exhibit "2" attached thereto, at 14.

Plaintiff commenced this action on September 11, 2007, seeking a temporary injunction directing DOCS to allow him to possess the religious items he had requested,[1] as well as monetary damages. *See* Dkt. No. 1. Plaintiff moved for summary judgment on November 17, 2008. *See* Dkt. No. 39. Defendants cross-moved for summary judgment on January 30, 2009. *See* Dkt. No. 46. Defendants argued that both the general DOCS directives that governed possession of religious items and the specific decision to deny Plaintiff access to incense and an incense burner were

---

[1] Plaintiff requested a chalice, an altar cloth, a set of runestones, an altar pentacle, an incense burner, incense, and oils. *See* Dkt. No. 39, Exhibit "5" attached thereto, at 5-6. DOCS has allowed him to possess or have access to all of these items except for incense and an incense burner. *See* Dkt. No. 39, Exhibit "5" attached thereto, at 102; Dkt. No. 39, Exhibit "2" attached thereto, at 14.

reasonably related to legitimate penal interests.[2] *See* Dkt. No. 46, Exhibit "2" attached thereto, at 9-16. Defendants further argued that Plaintiff was not, as he had alleged, similarly situated to Native American inmates for the purposes of the Fourteenth Amendment because Native American religious burnings lasted a much shorter time than Plaintiff's proposed Pagan/Wiccan ceremonial burnings. *See id.* at 17-20.

In a Report and Recommendation dated September 22, 2009, Magistrate Judge DiBianco recommended that this Court grant Defendants' motion for summary judgment, deny Plaintiff's motion for summary judgment, and dismiss the complaint in its entirety. *See* Dkt. No. 52 at 23. Plaintiff objected to Magistrate Judge DiBianco's recommendations. *See* Dkt. No. 53.

Section 636 of Title 28 of the United States Code states that "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* When reviewing a magistrate judge's report and recommendation, a district court judge "make[s] a de novo determination of those portions of the [magistrate judge's] report or proposed specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "'"If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."'" *Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 1794741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306 [(N.D.N.Y. 2008)] (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))). The district court also reviews for clear error

---

[2] Defendants stated that these interests were the reduction of fire hazards and the interest in not allowing inmates to possess items that produce an odor that inmates can use to mask the smell of marijuana. *See* Dkt. No. 46, Exhibit "2" attached thereto, at 15-16. Defendants further pointed out that Plaintiff had previously been disciplined for the use and possession of marijuana. *See id.* at 16.

those portions of a report-recommendation to which a party does not object. *See Lawton v. Astrue*, No. 7:10-CV-256, 2010 WL 4810604, *1 (N.D.N.Y. Nov. 18, 2010) (citation omitted).

The Court has thoroughly reviewed Plaintiff's objections to Magistrate Judge DiBianco's recommendations and, for a variety of reasons, finds them to be without merit. In some instances, Plaintiff's objections are conclusory and do no more than reiterate the arguments that he made in his motion for summary judgment and in his reply memorandum to Defendants' cross-motion for summary judgment. In other instances, Plaintiff makes non-legal objections, such as objecting to Magistrate Judge DiBianco allegedly taking Plaintiff's statements out of context or objecting to what Plaintiff perceives as Magistrate Judge DiBianco's insinuation that Plaintiff should be happy with the religious items he did receive. *See* Dkt. No 53 at 2, 4.

Despite these deficiencies in Plaintiff's objections, the Court conducted a *de novo* review of Magistrate Judge DiBianco's Report and Recommendation in light of those objections. Having completed that review, the Court hereby

**ORDERS** that Magistrate Judge DiBianco's September 22, 2009 Report and Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motion for summary judgment is **DENIED**; and the Court further

**ORDERS** that Defendants' cross-motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED**

Dated: March 24, 2011
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge